JOHN D. GILL *vs.* HENRY TRUELSEN, Sheriff, (two cases.)

November 12, 1888.

**Judgment—Assignment after Execution Issued—Payment to Original Attorneys.**—An assignee of a judgment on which the attorneys who recovered it for the judgment creditor issued execution, having recognized and acquiesced in their acts in the matter, is bound by the sheriff's paying to such attorneys the money collected on the execution.

**Same—Attorneys' Lien as against Assignee.**—When attorneys recovering a judgment have a lien on it, and the judgment has been collected by the sheriff, the latter may, if the attorneys give him notice of the lien, and require him so to do, retain the amount of the lien out of the money so collected, when the money is demanded by an assignee of the judgment.

Two proceedings in the district court for St. Louis county, in each of which John D. Gill applied for an order requiring the respondent to pay over to him the moneys received by him, as sheriff, on executions issued on judgments recovered against one Haskins and assigned to Gill. In each case the application was denied by *Stearns, J.,* and judgment for costs was ordered and entered in favor of the sheriff, from which order and judgment Gill appeals.

*John D. Gill* and *Henry F. Greene,* for appellant.

*White, Shannon & Reynolds,* for respondent in the first case.

*Ensign, Cash & Williams,* for respondent in the second case.

GILFILLAN, C. J. These are two proceedings brought by Gill—one as the assignee of Spoor Mackey, the other as the assignee of William A. Coit *et al.*—against the sheriff of St. Louis county, to compel him

to pay over money collected by him by executions on two several judgments against one Haskins. The judgment in favor of Spoor Mackey was recovered December 15, 1886, the firm of White & Reynolds being the plaintiff's attorneys in the action. On May 21, 1888, this judgment was assigned to Gill, and the assignment was filed with the clerk, July 10th. In June that year execution on the judgment was issued by the firm of White, Shannon & Reynolds (the White and Reynolds of the firm being the same persons composing the firm which acted as plaintiff's attorneys in the action) to the sheriff, this respondent, with directions to levy it on certain real estate, a description of which they gave to him. He accordingly levied on the real estate, and advertised it for sale. August 4th, two days before that appointed for the sale, the judgment debtor paid to the sheriff the full amount due on the execution. August 6th, he paid it to White, Shannon & Reynolds. August 7th, Gill made a formal demand upon the sheriff that he pay it to him; which, of course, the sheriff could not do, as he had already paid it to the attorneys.

An attorney in the action for a judgment creditor may issue execution, and receive the money collected on it, within two years after the judgment. Gen. St. 1878, c. 88, § 9. The party may, however, appoint a new attorney. After a judgment has been assigned, and the assignment filed, none but the assignee, his agent or attorney, shall have authority to receive or collect the amount due on such judgment, or to take out execution to enforce the collection of the judgment. Section 284, chapter 66. Whether filing the assignment terminates, *ipso facto*, the attorney's authority to act further, or he is to be regarded as the attorney for the assignee until the latter dismisses him, we need not now determine. There is no question that he may dismiss him, or may retain him, and that he will be bound by his acts when he has recognized or acquiesced in his assumption of authority to act for him. The execution was issued before the filing of the assignment, so there is no question that it was rightfully issued. The assignee appears to have learned that it was out, and had been levied; and, judging from a letter afterwards written by him to the attorneys, took no exception to their assuming authority to act, nor to their continuing to do so, as it must then have been apparent to

him they intended to do. It does not appear from his own affidavits that he ever questioned their right to act as the attorneys to enforce the judgment. He says, it is true, that he directed the sheriff to pay the money to him, the assignee, when it should be collected. This the sheriff explicitly denies, and we see no reason why the court should not believe him rather than the assignee. The inference is hardly to be resisted that the assignee regarded the attorneys as having the right to act as such, and acquiesced in and recognized their assumption of authority so to do. They are to be taken as having been his attorneys in the execution, to whom the sheriff might pay the money made on it. It was therefore right for him to pay it, as he did.

In the other proceeding, judgment in favor of William A. Coit & Co. against Haskins was rendered July 5, 1887. It was assigned to Gill, May 24, 1888, and the assignment filed July 10, 1888. Ensign, Cash & Williams were the attorneys for the judgment creditors. June 5, 1888, they caused execution to be issued and delivered to the sheriff, with directions to him to levy on certain real estate, a description of which they gave to him. The sheriff accordingly levied and advertised the property for sale. On July 30th, before a sale, the judgment debtor paid the amount due on the execution to the sheriff. The said attorneys then required the sheriff to pay the money as collected to them, and the assignee demanded that he pay it to him. The attorneys claimed a lien on the money for their compensation and disbursements in the action. The affidavits and exhibits used on the hearing below make it clear enough that the assignee was not a purchaser for value, and that the assignment was made for the purpose merely of collection. It gave the assignee the legal title,—gave him the right of control over the judgment, and the moneys that might by collected on it, to the same extent as the assignors had. They could have revoked the attorneys' authority to proceed further, and so could the assignee after the assignment. But, as against either, the attorneys could assert their lien; and, when the money came into the hands of the sheriff, they could, upon giving him notice of their lien, require him to withhold the amount from the owner of the judgment, and pay it to them. That the at-

torneys had a lien is shown, but the amount of it is not. One of the affidavits states that the attorneys "charged" certain sums, but there is no statement that the services were worth those sums.

The result in the two cases is that, in the proceeding based on the judgment in favor of Spoor Mackey, the order appealed from is affirmed. In the other case the order is reversed, and the court below directed to ascertain the amount for which Ensign, Cash & Williams are entitled to a lien on the money in the sheriff's hands, and to cause the sheriff to pay the said amount to said Ensign, Cash & Williams, and to pay the remainder to the petitioner, John D. Gill. Upon that appeal no costs in this court are allowed to either party.